[Argued October 17, 1893.]

## BANFIELD *v.* BANFIELD.

[S. C. 34 Pac. Rep. 659.]

EQUITY — REFORMATION OF NOTE — FRAUD.— Plaintiff purchased from defendant a bond for a deed of land, and at the time of the sale defendant, who had the bond in his possession, stated that there was six hundred dollars, "maybe a little more or a little less," due thereon, supposing such to be the case, but without pretending to have actual knowledge on the subject. For several weeks prior to executing the note in payment therefor, plaintiff had the bond in his possession, but made no attempt to ascertain the actual amount due thereon, though he had the data necessary to the calculation. *Held*, that he was not entitled to a reformation of the note, though the amount due on the bond was three hundred dollars more than the amount stated by the defendant.

Multnomah County: LOYAL B. STEARNS, Judge.

*Geo. G. Gammans*, for Appellant.

*Dell Stuart*, for Respondent.

PER CURIAM.— This is a suit by M. C. Banfield against Jacob Banfield to restrain an action at law, and compel the reformation of the note upon which the action is founded. Briefly, the facts are that in September, 1890, the plaintiff purchased of his brother, the defendant, a certain tract of land in Portland for which defendant held a bond for a deed, upon which some twenty-seven monthly installments of ten dollars and interest had been paid and duly endorsed, and as consideration for the purchase, paid six hundred dollars in money and assumed and agreed to pay the balance of the purchase price which. defendant was to pay for the property, and some three or four weeks later gave the note in suit for six hundred dollars. At the time of the sale the bond was in the possession of the defendant, and he represented or stated to the plaintiff that there was six hundred dollars, "maybe a little more or a little less," due thereon, he supposing and believing such to be the case, and without having, or pretending to

have, any actual knowledge on the subject. In fact it is admitted that he did not pretend to have made any definite calculation as to the amount unpaid, nor was he competent to do so. Soon after the purchase the bond was assigned to plaintiff, and at the time of executing the note, and for some three or four weeks prior thereto, was in his possession; but without making any attempt to ascertain the actual amount unpaid thereon, although the data for so doing appeared on the face of the bond, he executed and delivered the note in suit for six hundred dollars. More than a year afterwards, and after he had paid fifteen or sixteen installments of the purchase price, and after he had been sued on the note, he discovered for the first time, as he claims, that instead of six hundred dollars being unpaid on the bond, there was in fact six hundred and sixty dollars unpaid on the principal, and one hundred and fifty-four dollars accumulated interest; whereupon he commenced this suit to have the note reformed by reducing the amount thereof to three hundred and forty-one dollars and forty cents instead of six hundred dollars, the amount for which it was originally given, claiming that he was induced to execute the note by the misrepresentation of the defendant as to the amount unpaid on the bond.

While we concur with counsel for plaintiff that in equity whenever a positive representation of facts is made which are, or may be assumed to be, within the knowledge of the party making it, the receiving party is, in general, entitled to rely and act upon it, and is not bound to verify the truth of the representation by an independent investigation, yet we see no room for the application of the doctrine in this case. The amount unpaid on the bond was a simple matter of calculation which it is admitted defendant was not competent to make, nor did he pretend to have any definite information thereon, and his representation cannot be considered as a positive declaration of

a fact within his knowledge, but is rather an expression of an opinion from information equally accessible to both parties, and upon which plaintiff under the circumstances had no right to rely. He was as equally able to form his own opinion and to come to a correct judgment as to the amount unpaid on the bond as the defendant, and cannot justly claim to have been misled by the statement. Hence the decree must be AFFIRMED.